IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,   :<br>     Respondent                    :<br>                                       :<br>v.                                    :<br>                                       :<br>JOSE RODRIGUEZ,           :<br>     Petitioner                      : | Criminal No. 1:08-CR-362<br><br>(Chief Judge Kane) |

**MEMORANDUM ORDER**

Currently pending before the Court is Petitioner Jose Rodriguez's application to proceed in forma pauperis (Doc. No. 64) and his request for the Court to provide him with a copy of his guilty plea and sentencing transcripts (Doc. No. 63). For the reasons that follow, the Court will deny the motions.

**I.   PROCEDURAL HISTORY**

On October 1, 2008, Petitioner Jose Rodriguez was charged by a grand jury with (1) knowingly and intentionally distributing heroin in violation of 21 U.S.C. § 841(a)(1); (2) knowingly and intentionally possessing with the intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1); (3) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e)(1); and (4) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. No. 1.) On April 15, 2009, Petitioner pleaded guilty to Count IV of the indictment, and the Court sentenced him to serve a term of imprisonment of 188 months. (Doc. No. 44.) The remaining counts of the indictment were dismissed. (Id.) Petitioner did not file an appeal.

Exactly fifteen months after the date of his sentencing, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 46.) The Court issued a notice of election on July 19, 2010. (Doc. No. 48.) Petitioner did not return a notice of

election within the specified time, and the Court determined to rule on the motion as filed. (Doc. No. 49.) On October 29, 2010, the Court denied the motion as untimely (Doc. No. 53), and the United States Court of Appeals for the Third Circuit denied Petitioner's request for a certificate of appealability (Doc. No. 58).

On January 26, 2012, Petitioner filed a new motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 60.) Because Petitioner failed to obtain the certification required from the Third Circuit to pursue a second or successive motion to vacate his sentence pursuant to 28 U.S.C. § 2255, the Court determined that it lacked jurisdiction over Petitioner's motion. See 28 U.S.C. § 2255(h). Accordingly, the Court dismissed the motion without prejudice to Petitioner's right to seek permission from the United States Court of Appeals for the Third Circuit to file a second or successive motion under Section 2255. (Doc. No. 61.) Petitioner did not submit a certification of his right to file a second or successive motion under Section 2255.

## II. DISCUSSION

Although Petitioner has submitted an application to proceed in forma pauperis, Petitioner has not identified any pending suit, action, proceeding, or appeal in which he is seeking to proceed in forma pauperis. See 28 U.S.C. § 1915(a)(1) (explaining that courts may authorize in forma pauperis for the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein"). Rather, he only notes that he may seek to file a motion for reconsideration of this Court's prior order denying his second Section 2255 motion. In the absence of a pending Section 2255 action, the Court is unable to determine whether he is permitted to proceed in forma pauperis. See generally 28 U.S.C. § 1915. Further, in the absence of a pending action, the Court is not authorized to provide Petitioner a copy of the transcripts he

has requested at the taxpayers' expense. See 28 U.S.C. § 753(f) ("Fees for transcripts furnished in proceedings brought under [S]ection 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."); United States v. Webb, 54 F. App'x 588 (4th Cir. 2003) (affirming denial of a transcript to aid in the preparation of a Section 2255 motion); United States v. Horvath, 157 F.3d 131, 132 (2d Cir. 1998) ("Based on the plain language and necessary operation of the statute, we conclude that a motion for a free transcript pursuant to [Section] 753(f) is not ripe until a [28 U.S.C.] § 2255 motion has been filed.").

**ACCORDINGLY**, on this 30th day of July 2012, **IT IS HEREBY ORDERED THAT** Petitioner's application to proceed in forma pauperis (Doc. No. 64) and his request for the Court to provide him with a copy of his guilty plea and sentencing transcripts (Doc. No. 63) are **DENIED WITHOUT PREJUDICE**.

    S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania