IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSE RODRIGUEZ,                       :
     Petitioner                    :
                                    :       No. 1:08-cr-00362
     v.                            :
                                      :       (Judge Kane)
UNITED STATES OF AMERICA,             :
     Respondent                    :

## MEMORANDUM

Before the Court is Petitioner Jose Rodriguez's motion for relief from an order entered in

his Section 2255 proceeding pursuant to Federal Rule of Civil Procedure 60(b) and 60(d).  (Doc.

No. 71.)  For the reasons that follow, the Court will deny Petitioner's motion.

## I.       BACKGROUND

On April 15, 2009, Petitioner pleaded guilty to possession of a firearm in furtherance of a

drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  (Doc. No. 44.)  That same day,

the Court sentenced Petitioner to serve a term of imprisonment of 188 months.  (Id.)  Petitioner

did not appeal his conviction or sentence.  On July 15, 2010, exactly fifteen months after

receiving his sentence, Petitioner filed a motion to vacate, set aside, or correct his sentence

pursuant to 28 U.S.C. § 2255.  (Doc. No. 46.)  The Court dismissed Petitioner's motion as

untimely under the one-year statute of limitations applicable to Section 2255 motions.  (Doc. No.

53.)  On January 26, 2012, Petitioner filed a motion pursuant to Federal Rule of Civil Procedure

59(e), claiming that the Court had erred when calculating his sentence.  (Doc. No. 60.)  The

Court denied his motion without prejudice to his right to obtain permission from the United

States Court of Appeals for the Third Circuit to file a second or successive motion under Section

2255.  (Doc. No. 61.)  On August 23, 2012, Petitioner filed a motion to amend his sentence

1

nunc pro tunc because of his mental condition.  (Doc. No. 66.)  The Court dismissed Petitioner's

motion without prejudice to Petitioner right to seek permission from the Third Circuit to file a

second or successive Section 2255 petition.  (Doc. No. 70.)

On November 15, 2013, Petitioner filed a motion pursuant to Federal Rule of Civil

Procedure 60(b) and 60(d), arguing that the Court erred as a matter of law when denying his

Section 2255 motion filed on July 15, 2010 as untimely, and erred in dismissing his Section 2255

motion filed on January 26, 2012 as a second successive petition.  (Doc. No. 71 at 3.)  Petitioner

argues that a defect in the integrity of the federal habeas corpus proceedings occurred, and thus

the interest of justice requires relief from the Court's order denying his Section 2255 motion.

Petitioner asserts that his motion should not be labeled as a second or successive habeas petition

because his motion establishes a defect in the proceedings.  (Doc. No. 71 at 6.)

## II.    DISCUSSION

Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a final judgment,

and request reopening of his case, under a limited set of circumstances including fraud, mistake,

and newly-discovered evidence.  Gonzalez v. Crosby, 545 U.S. 524, 528 (2005).  Although a

Rule 60(b) motion constitutes a second or successive petition if it attacks the federal court's

previous resolution of a claim on the merits, that is not the case when the Rule 60(b) motion

attacks a defect in the integrity of the federal habeas proceedings.  United States v. Andrews, 463

F. App'x 169, 172-73 (3d Cir. 2012) (citation and quotations marks omitted).  Accordingly, a

Rule 60(b) motion that challenges a district court's failure to reach the merits of a petition based

on the statute of limitations does not constitute a second or successive habeas petition.  Id. at

172.  Of course, when a petitioner attempts to use Rule 60(b) as a vehicle to challenge the

2

underlying conviction or sentence, as opposed to the habeas proceeding, the motion is properly

characterized as a second or successive habeas petition.  See Pridgen v. Shannon, 380 F.3d 721,

727 (3d Cir. 2004) ("[W]hen the Rule 60(b) motion seeks to collaterally attack the petitioner's

underlying conviction, the motion should be treated as a successive habeas petition.").

Petitioner first asserts that the Court erred in denying his Section 2255 motion filed in

July 2010 because the Court failed to apply liberal construction principles to his motion.  "The

obligation to liberally construe a pro se litigant's pleadings is well-established."  Higgs v. Att'y

Gen., 655 F.3d 333, 339 (3d Cir. 2011).  Thus, courts will hold pro se complaints to "less

stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519,

520 (1972).  This principle applies with especial force when dealing with imprisoned pro se

litigants.  Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).  Pleadings

prepared by prisoners who do not have access to counsel must be liberally construed and "some

procedural rules must give way because of the unique circumstances of incarceration."  McNeil

v. United States, 508 U.S. 106, 113 (1993) (citations omitted).

The Court finds that Petitioner fails to articulate the manner in which the Court erred by

failing to apply liberal construction principles to his first Section 2255 motion.  Petitioner asserts

that he "clearly stated a denial of a constitutional right, to wit, the [right] to appeal his sentence,"

and thus his failure to explain why he waited fifteen months to file his Section 2255 motion

should not be fatal to his claim were the Court to apply liberal construction principles.  (Doc. No.

71 at 9.)  The Court finds that Petitioner's argument fails.  Although the Court must hold pro se

pleadings to a "less stringent standard" than a pleading drafted by an attorney, allowing Plaintiff

to file a Section 2255 motion outside the one-year statute of limitations does not turn on

3

"liberally construing" Plaintiff's motion.  Thus, the Court finds Petitioner's argument does not establish "a defect in the integrity of the federal habeas proceedings," and accordingly will decline to grant Petitioner relief on this ground.

Petitioner next argues that the Court failed to liberally construe his July 2010 petition because it did not apply Section 2255(f)(4) when conducting its analysis.  (Doc. No. 71 at 9.) Section 2255(f)(4) provides that the one-year statutory period for a petitioner to file a motion to vacate, set aside, or correct his sentence runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(f)(4).  Petitioner therefore argues that had the Court construed his petition liberally by applying Section 2255(f)(4), it would not have found the petition time-barred.  (See id. at 9-10.)  The Court finds that Petitioner's argument fails.  Again, allowing Plaintiff to file a Section 2255 motion outside the one-year statute of limitations does not turn on "liberally construing" Plaintiff's motion.  Further, in considering Petitioner's July 2010 Section 2255 motion, the Court specifically referred to Section 2255(f)(1)-(4), and found that, "Petitioner has failed to offer any explanation as to why it took fifteen months to discover that no appeal had actually been filed."  (Doc. No. 53 at 2.)  Thus, the Court did not apply "the wrong law," as Petitioner now claims, but specifically considered Section 2255(f)(4) in determining that Petitioner had not established that he diligently pursued his claims such that equitable tolling was required.  (See Doc. No. 53 at 2; Doc. No. 71 at 9.)  Accordingly, the Court finds that Petitioner's argument that the Court failed to "liberally construe" his Section 2255 petition does not establish "a defect in the integrity of the federal habeas proceedings," and thus will deny Petitioner's motion for relief on this ground.

Petitioner also argues that regardless of the one-year statutory period, his allegation that his attorney provided ineffective assistance of counsel by failing to file an appeal "should have caused the court to have conducted [an] evidentiary hearing." (Doc. No. 71 at 10.)  The Court finds that Petitioner's argument does not establish a procedural defect in his <u>habeas</u> proceedings requiring relief.  Although the Court recognizes that a Rule 60(b) motion attacking a court's dismissal of a Section 2255 petition as time-barred does not constitute a second successive petition, and thus will not dismiss Petitioner's claim on this ground, <u>see</u> <u>Andrews</u>, 463 F. App'x at 172, the Court nonetheless finds that Petitioner is not entitled to relief.  Again, the Court previously considered whether Petitioner's untimely Section 2255 petition qualified for equitable tolling of the statutory period, and concluded that it did not.  (<u>See</u> Doc. No. 53 at 2.)  The Court finds that it properly dismissed Petitioner's initial Section 2255 petition as time-barred. Accordingly, the Court finds Petitioner has not established a procedural defect in his <u>habeas</u> proceedings requiring relief.[1]

Finally, Petitioner argues that the Court erred in dismissing Petitioner's "2012 § 2255 petition," as a second successive petition.  (Doc. No. 71 at 11.)  Petitioner asserts that the Court should not have dismissed his January 2012 filing as a second successive petition, but rather should have considered it a Rule 60(b) motion attacking a defect in the procedure under the principles outlined in <u>Andrews</u>.  (<u>Id.</u>)  The Court finds Petitioner's argument unpersuasive.  In <u>Andrews</u>, the Third Circuit determined that a <u>habeas</u> petitioner's Rule 60(b) motion "challenged the District Court's failure to reach the merits of his challenge to [his] conviction," rather than a

---

[1]  The Court again reminds Petitioner that he may seek permission from the Third Circuit to file a second or successive motion raising these issues under Section 2255.  (<u>See</u> Doc. Nos. 61, 70.)

5

previous resolution of the claim on the merits.  <u>See</u> 463 F. App'x at 172.  In contrast, Petitioner's

January 26, 2012 filing directly attacked the calculation of his sentence under the United States

Sentencing Guidelines.  (<u>See</u> Doc. No. 60 at 2.)  The Court finds that Petitioner's January 2012

filing did not challenge "some defect in the integrity of the federal <u>habeas</u> proceedings," and thus

the Court did not err in declining to construe it as a Rule 60(b) motion.  <u>Gonzalez</u>, 454 U.S. at

532.  Accordingly, the Court finds that Petitioner has not established that a procedural defect in

his <u>habeas</u> proceedings exists on the basis of the Court's dismissal of his January 2012 filing,

and thus will deny Petitioner's motion on this ground.

## III.    CONCLUSION

The Court finds that Petitioner's arguments have not established "some defect in the

integrity of the federal <u>habeas</u> proceedings," and thus, Petitioner is not entitled to relief under

Rule 60(b).  <u>Gonzalez</u>, 545 U.S. at 532.  Accordingly, the Court will deny Petitioner's motion for

relief from an order entered in his Section 2255 proceedings.  An order consistent with this

memorandum follows.